IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID KENT FITCH,                    :
                                     :
        Plaintiff                    :        CIVIL NO. 3:CV-14-801
                                     :
    v.                               :
                                     :        (Judge Conaboy)     **FILED**
                                     :                            **SCRANTON**
FEDERAL BUREAU OF PRISONS,           :
                                     :                            JUN 0 2 2014
        Defendant                    :

---

## MEMORANDUM
### Background

PER_____ ᒡᒡ
DEPUTY CLERK

David Kent Fitch, an inmate presently confined at the Canaan
United States Penitentiary, Waymart, Pennsylvania (USP-Canaan),
initiated this pro se action seeking emergency injunctive relief
"from unconstitutional and life threatening conditions of
confinement."  Doc. 1, p. 1.  Named as sole Defendant is the
Federal Bureau of Prisons (BOP).  Plaintiff has also submitted
requests for leave to proceed in forma pauperis (Doc. 3) and for
appointment of counsel (Doc. 6).  In addition, Plaintiff has filed
a supplement (Doc. 8) which has been taken into consideration.

Fitch describes himself as being 55 years old, in poor health,
and a non-violent prisoner who has been in federal custody since
2001.  According to the Plaintiff, he was sexually assaulted at
knife point by three fellow USP-Canaan prisoners because he refused
to assist them in smuggling heroin into the prison.  Following the

1

assault, the Plaintiff has purportedly been denied medical care. Fitch next claims that he has been improperly held in the prison's Special Housing Unit (SHU) because of false information placed in his file while he was previously confined at another federal correctional facility in 2001.[1]  As relief, Fitch seeks a transfer to a federal medical facility in Rochester, Minnesota so that he can be provided with surgery for a tear of his rectum and medical care for other physical and mental health injuries he suffered as a result of the alleged assault.

Fitch also indicates that he suffers from a variety of other non-assault related conditions including skin cancer, high blood pressure, arthritis, spinal injuries; deformed feet, and a urinary tract obstruction for which he requires medical attention.

The supplement filed by Plaintiff indicates that he had no preference as to whether his pending matter is construed as either a civil rights complaint or a habeas corpus petition.  His supplement reiterates that he is being denied needed medical care and similarly requests a transfer to a federal medical facility.

## Discussion

### Habeas Corpus

With respect to Fitch's apparent request that this matter

---

[1]  Plaintiff indicates that he was falsely accused of possibly planning an escape by a federal prosecutor.  The accusation allegedly resulted in Fitch being labeled as being a security threat.  Plaintiff further asserts that whenever he has administratively challenged that designation, he has been subjected to retaliation by federal correctional officials.

should possibly be considered as a habeas corpus petition, habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  See Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979).  The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.).

Rule 4 states in relevant part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ."  Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).  Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v.

3

Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in Woodall that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." Hairston v. Grondolsky, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

From a careful review of his filing, it is clear that Fitch does not claim entitlement to speedier or immediate release from custody nor does he challenge the legality of his present incarceration. He is simply not raising a claim related to the execution of his sentence as contemplated in Woodall. Rather, based on the grounds asserted in his petition, Petitioner challenges only the legality of his SHU designation/classification as a security risk and the sufficiency of the medical treatment provided to him at USP-Canaan.

Fitch does not allege that the purportedly improper actions taken by prison officials included a loss of good time credits or otherwise extended the length of his confinement. Thus, the purported constitutional misconduct did not adversely affect the fact or duration of Plaintiff's incarceration. See Fiore v. Lindsay, 336 Fed. Appx. 168, 170 (3d Cir. 2009)(forms of prison

4

discipline other then a loss of good time credit may not be pursued under § 2241); Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)(McClure, J.)(alleged improper placement in administrative confinement is not a basis for relief under § 2241). Accordingly, "habeas corpus is not an appropriate or available federal remedy" and the pending matter will be construed as a civil rights complaint.[2] See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

**Civil Rights**

When considering a civil rights complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are

---

[2]   Moreover, it is also noted that to the extent that Plaintiff's pending matter could be construed as a mandamus action, such relief is a drastic measure which is only granted in extraordinary situations and where the petitioner has satisfied his burden of establishing a clear and indisputable right to relief. Stehney v. Perry, 101 F.3d 925, 934 (3d Cir. 1996) (quoting Allied Chem. Corp v. Daiflon, Inc., 449 U.S. 33, 34-35 (1980)); see also Doyle v. Young, 2010 WL 2178514 *1 (3d Cir. June 1, 2010); Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976). It is also noted that relief is only available if the applicant has exhausted all other avenues of relief, is owed a "clear nondiscretionary duty," and has no other adequate means to attain the relief he desires. Heckler v. Ringer, 466 U.S. 602, 616 (1984). Based upon those standards, it would not be appropriate to deem this matter as a mandamus petition.

those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

A review of the Complaint shows that the only named Defendant is the Federal Bureau of Prisons (BOP). Plaintiff does not allege that he is challenging the legality of any BOP policy, practice or custom. Rather, his claims are premised upon actions taken or determinations made by individual federal correctional officials.

The United States is generally immune from suit absent an explicit waiver of sovereign immunity, United States v. Mitchell, 445 U.S. 535, 538 (1980). This "immunity is jurisdictional in nature," FDIC v. Meyer, 510 U.S. 471, 475 (1994), and extends to government agencies and employees sued in their official capacities. Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996); Chinchello v. Fenton, 805 F. 2d 126, 130, n. 4 (3d Cir. 1986).

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

It is equally well settled that governmental entities are not persons and therefore not proper defendants in a federal civil rights action. Hindes v. F.D.I.C., 137 F.3d 148, 159 (3d Cir. 1998)(a federal agency is not a "person" subject to civil rights liability). See also Accardi v. United States, 435 F. 2d 1239, 1241 (3d Cir. 1970); Figueroa-Garay v. Muncipality of Rio Grande, 364 F. Supp.2d 117, 128 (D. P. R.  2005). Similarly, in Shannon v. U.S. Parole Commission, 1998 WL 557584 *3 (S.D.N.Y. Sept. 2, 1998), the district court recognized that civil rights claims may not be maintained against federal agencies. See also Duarte v. Bureau of Prisons, 1995 WL 708427 *2 (D. Kan. Nov. 3, 1995)(the BOP "is not a proper defendant in a Bivens action.").

Based on an application of the above standards, the BOP is not a properly named Defendant and therefore entitled to entry of dismissal.[3]

**Conclusion**

Since Fitch's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774.   In reaching this conclusion, the Court does not make any determination with respect to any of the factual contentions raised by Plaintiff.

---

[3] It is also well recognized that a prison or correctional facility is not a person for purposes of civil rights liability. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); Sponsler v. Berks County Prison, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995).

Rather, this action cannot proceed because a proper defendant has not been named.   An appropriate Order will enter.[4]


RICHARD P. CONABOY
United States District Judge

DATED: JUNE _____, 2014

---

   [4]   Dismissal will be entered without prejudice.   Plaintiff, if he so chooses, may file a new civil rights action against any individual federal official whom he feels violated his constitutional rights.
   Alternatively, if Fitch can identify any federal official who participated in the alleged constitutional violations underlying this action, he may file a motion for reconsideration within fourteen (14) days of the date of this Memorandum and Order.   Any such reconsideration motion should be accompanied by an appropriate proposed amended complaint.